Petition for Writ of Mandamus Dismissed and Opinion filed May 14, 2009












Petition
for Writ of Mandamus Denied and Opinion filed May 14, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00438-CV

____________

 

IN RE LINDA FRANK, Relator

 

 





 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 





 

M E M O R
A N D U M  O P I N I O N

On May
11, 2009, Relator=s Petition for Writ of Mandamus was
filed in this Court.  See Tex.
Gov=t Code Ann '22.221 (Vernon 2004); see  also  Tex. R. App. P. 52.1.  Relator asks this court to order the Honorable R.H. ASandy@ Bilstein,
County Court at Law No. 4 of Fort Bend
 County, Texas, to
rescind his order for forcible entry and detainer.

Relator relies on Tex. R. Civ. P. 755 to
assert that her notice of appeal supersedes execution of a writ of possession
because the premises are her principal residence.  Rule 755 provides that
a writ of possession shall not be suspended unless the premises are the
principal residence of a party B it does not provide for an automatic suspension of a writ of
possession if the premises are a principal residence.  Moreover, the
record in the underlying appeal reflects that this a
nonpayment of rent forcible detainer case.  

 

In a nonpayment
of rent forcible detainer case a tenant/appellant who
has appealed by filing a pauper's affidavit under these rules shall be entitled
to stay in possession of the premises during the pendency
of the appeal, by complying with the following procedure:

(1) Within five days of the date that the tenant/appellant files his
pauper's affidavit, he must pay into the justice court registry one rental
period's rent under the terms of the rental agreement.

(2) During the appeal process as rent becomes due under the rental
agreement, the tenant/appellant shall pay the rent into the county court
registry within five days of the due date under the terms of the rental
agreement.

(3) If the tenant/appellant fails to pay the rent into the court
registry within the time limits prescribed by these rules, the appellee may file a notice of default in county
court.  Upon sworn motion by the appellee and a
showing of default to the judge, the court shall issue a writ of restitution.

(4) Landlord/appellee may withdraw any or all
rent in the county court registry upon a) sworn motion and hearing, prior to
final determination of the case, showing just cause, b) dismissal of the
appeal, or c) order of the court upon final hearing.

Tex. R. Civ. P. 749b.  The
record does not reflect relator has satisfied the
requirements of Rule 749b. 

Relator has not established she is entitled to the extraordinary
relief of a writ of mandamus.   Accordingly, relators= petition for writ of mandamus is
DENIED.

PER CURIAM

 

Panel consists of Justices Seymore,
Brown, and Sullivan.